[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10368
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80111-DTKH-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BASIL BARKER,
a.k.a. Bazil Barker,
a.k.a. Long Dog Barker,
a.k.a. Simon Anabery Niles,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(November 26, 2012)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Basil Barker appeals his total sentence of 36 months' imprisonment,

imposed below the applicable guideline range of 41 to 51 months' imprisonment, after he pled guilty to illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2).  For the reasons set forth below, we affirm Barker's sentence.

## I.

According to the presentence investigation report, Barker was arrested after the U.S. Coast Guard pursued a vessel that was transporting him and other migrants, two of which were children, into the United States.  In the course of the vessel's attempt to evade the U.S. Coast Guard, the vessel capsized, and one pregnant woman, who was the mother of one of the children, was discovered dead, beneath the vessel.

At sentencing, the district court determined that Barker had a guideline range of 41 to 51 months' imprisonment.  Barker requested a variance from the applicable guideline range because he only returned to the United States to visit his wife and children, he had a disadvantaged childhood, and he had a concerning medical condition, relating to a tumor-like growth on his head.  Barker also sought a downward variance because the Bureau of Prisons ("BOP") treated aliens and citizens disparately with respect to their eligibility for various prison classifications and programs.

The court compared Barker to one of his codefendants who the court had

2

previously sentenced and found that Barker's codefendant's guideline range was lower than Barker's guideline range, despite his codefendant having more prior drug convictions than Barker. Although Barker had only been convicted of possession with intent to distribute cocaine and of possession of cocaine, a total sentence of 20 years' imprisonment was imposed for those convictions, and the underlying offenses had involved a loaded gun.

In considering the nature and circumstances of Barker's instant offense, the district court stated that the United States was concerned about the security of its borders and that it was a serious offense where a person has been deported because of a justified reason, but the person returned without authorization. Barker's offense was serious, in part, because of the dangerous nature of the journey to the United States. The court acknowledged that Barker had maintained relationships with his family in the United States, despite Barker being out of the United States for about 12 years. The court stated that it understood Barker's desire to return to the United States to be with his family and for economic opportunities. The court also expressed concern over Barker's head growth.

The court noted the importance of imposing a sentence that would promote respect for the law and that would be a deterrent to Barker so that he would not attempt to return again. The court stated that it was not relying on any difference

3

between the treatment of aliens and U.S. citizens in prison in imposing his sentence, because those grounds would not be justified.  The court then imposed a sentence of 36 months' imprisonment.

## II.

On appeal, Barker argues that his sentence of 36 months' imprisonment was substantively unreasonable because the district court did not adequately consider his status as an alien, which made him ineligible for (1) a minimum security designation, (2) the BOP's drug-treatment program, and (3) transition to a halfway house.  The district court also failed to fully consider the following: (1) his intent in returning to the United States, which was to be reunited with his family and provide them with a better life; (2) his serious medical condition, which could require an expensive surgery, the cost of which the government would bear; and (3) the fact that his prior conviction was 15 years old and that he had only served 3 years' imprisonment for it.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review.  *See Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  The party challenging the sentence has the burden of establishing that the sentence was unreasonable based on the record and the factors set forth in 18 U.S.C. § 3553(a).  *United States v. Talley*, 431 F.3d

784, 788 (11th Cir. 2005).

In reviewing a sentence's substantive reasonableness, we examine the totality of the circumstances, which includes an inquiry into whether the § 3553(a) factors support the sentence in question. *United States v. Gonzales*, 550 F.3d 1319, 1323-24 (11th Cir. 2008). The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Barker has not shown that the district court imposed a substantively unreasonable sentence, as his sentence of 36 months' imprisonment was below the applicable guideline range of 41 to 51 months' imprisonment. The record

5

demonstrates that the district court considered the § 3553(a) factors in imposing the sentence, and there does not appear to be anything in the record demonstrating that the sentence is substantively unreasonable based on those factors. The district court recognized several reasons for varying from the applicable guideline. Nevertheless, Barker's offense was serious because, as the court noted, the offense involved the security of U.S. borders, and the circumstances surrounding it were dangerous, as it involved the use of an unsafe boat, which contributed to the death of one woman. Further, Barker had a criminal record, as he had committed a serious drug offense in the past that involved cocaine and marijuana, as well as a loaded gun. The court also found that there was a need for deterrence to prevent the offense from occurring again. Under the totality of the circumstances, Barker has not shown that the district court's decision to not vary further from the applicable guideline range based on his ineligibility for various BOP designations and programs due to his status as an illegal alien was unreasonable or resulted in a sentence greater than necessary, especially in light of the fact that Barker has not shown any unwarranted sentencing disparities between himself and others convicted of similar conduct. *Gonzales*, 550 F.3d at 1323-24. Accordingly, the district court did not abuse its discretion in sentencing Barker to 36 months' imprisonment.

For the foregoing reasons, we affirm Barker's sentence.

**AFFIRMED.**

6